UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN M. BOBBY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 3:20-cv-147 |
| : | |
| NORFOLK SOUTHERN : | **PLAINTIFF DEMANDS TRIAL** |
| RAILWAY COMPANY, : | **BY JURY** |
| : | |
| Defendant. : | |

## COMPLAINT – CIVIL ACTION

COMES NOW the Plaintiff, Stephen M. Bobby ("Plaintiff"), by counsel, and files this Complaint against the Defendant Norfolk Southern Railway Company and respectfully moves this Court for entry of judgment against Defendant for the following reasons:

1. This cause of action arises under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, as amended.

2. Defendant Norfolk Southern Railway Company ("NS") is a railroad corporation organized and existing under the laws of the Commonwealth of Virginia, which has been duly authorized to conduct business in the Commonwealth of Pennsylvania, and at all times relevant hereto, the defendant has been doing business within the jurisdiction of this Court as a common carrier of interstate commerce and has been engaged in interstate commerce and transportation.

3. Plaintiff is an adult resident of Patton, Cambria County, Pennsylvania.

4. At all times relevant hereto, NS was regularly, purposefully, and systematically conducting its business within Altoona, Blair County, Pennsylvania and within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce and

was engaged in interstate and intrastate commerce.

5. NS regularly operates trains, maintains tracks, roadbed, engines, equipment and facilities, employs people and otherwise does, transacts and solicits business within the Commonwealth of Pennsylvania and within territorial limits of this Court.

6. At all times relevant hereto, Plaintiff was employed by NS as a machinist.

7. Plaintiff's duties as a machinist were in the furtherance of Defendant's operations in interstate commerce, and his work directly, closely and substantially affected such interstate commerce carried on by the Defendant.

8. On January 16, 2018, Plaintiff was working in the Defendant's Juniata Locomotive Shop in Altoona, Blair County, Pennsylvania as a machinist.

9. On that day, and in the course of his employment, Plaintiff was tasked with reconditioning or "deburring" the surfaces of metal slip rings.

10. While Plaintiff was so engaged, a defect in the equipment caused the machine to jerk, yanking the glove off his right hand and pulling it forcefully towards the lathe, causing injury to Plaintiff's right upper extremity.

11. As part of its FELA duties, a railroad is obligated to know the nature and character of the equipment, materials and work practices used in its workplace, to warn employees of job-related dangers known or reasonably foreseeable to the railroad, and to avoid exposing employees to hazardous conditions in the workplace.

12. That on January 16, 2018, NS negligently and carelessly failed to provide Plaintiff with a reasonably safe place to work, in that it: failed to provide Plaintiff with necessary, proper and adequate equipment in order for him to be able to perform his job in a

reasonably safe manner; failed to inspect, monitor, and/or maintain its equipment in such a manner as would be reasonable and necessary in order to insure Plaintiff's safe performance of his duties; provided plaintiff with dangerous, defective, and /or unsafe equipment; failed to warn Plaintiff of dangerous and unsafe conditions; negligently and carelessly failed to provide adequate or sufficient supervision and/or training; negligently and carelessly failed to promulgate and enforce appropriate rules, regulations, policies and procedures for the safe and proper performance of its work; and was otherwise negligent through the acts and/or omissions of its agents, officers, employees, managers, supervisory personnel, and/or others.

13. On January 16, 2018, NS failed to comply with the provisions of the FELA, 45 U.S.C. §§ 51-60, as amended, and Defendant's failure to comply was a cause of Plaintiff's injuries alleged herein.

14. As a direct result of the aforesaid negligence and FELA violations by Norfolk Southern Railway Company, acting through its agents and employees, Plaintiff was seriously and permanently injured. He has suffered physical pain, discomfort, psychological and emotional injury, mental anguish, and these will or may continue in the future; he has incurred substantial expenses for treatment by physicians and related medical care, and in the future he will or may likely continue to incur such expenses in an effort to be cured and healed; he has missed time and lost earnings from his employment, and in the future he will or may continue to lose time and income, as well as other benefits from his employment; he has suffered a loss of earning capacity; and he has been unable to perform many of the usual personal affairs of a man of his age and position in life and, in the future, he will or may

continue to be unable to perform such affairs.

**WHEREFORE**, Plaintiff respectfully requests a trial by jury of all issues, and judgment against Norfolk Southern Railway Company in an amount to be determined by a jury, but asserted to be in excess of seventy-five thousand ($75,000.00), together with post-judgment interest and the costs of this proceeding, as well as such other and further relief as may be appropriate under the circumstances of this case.

                STEPHEN BOBBY
                Plaintiff

                /s/ Claude W. Anderson, Jr.
                Claude W. Anderson, Jr.
                VA 26387; NC 19448
                THE MOODY LAW FIRM, INC.
                500 Crawford Street, Suite 200
                Portsmouth, VA 23704
                PH: (757) 393-4093
                FAX: (757) 397-7257
                Email:  woody@moodyrrlaw.com

                *Attorneys for Plaintiff*